UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,              SENTENCING MEMORANDUM

v.                                      Docket No.: 1:15CR000239-010

KRISTIE BONCORE,

                Defendant.

---

### PRELIMINARY STATEMENT

Kristie Boncore, who is currently scheduled for sentencing before U.S. District Court Judge Richard J. Arcara on August 7, 2017 was arrested on October 8, 2015 as a result of the filing of a criminal complaint charging her with Conspiring to Possess with Intent to Distribute a 100 Grams or More of a Mixture and Substance Containing Heroin in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1). Ms. Boncore was subsequently detained without bail until July 27, 2016 at which point she was released on a $10,000 signature bond with pre-trial supervision and placed in inpatient treatment. On April 6, 2017, her bail was revoked and she has remained detained since that time.

On April 25, 2017 Ms. Boncore pled guilty to a lesser and included offense of a one count indictment charging her with Conspiracy with Intent to Distribute and to Distribute Heroin in violation of 21 U.S.C. § 846, § 841 (a)(1), (b)(1)(c). At the time of sentencing Ms. Boncore will have been in custody for 13 months and 21 days.

### STATEMENT WITH RESPECT TO SENTENCING FACTORS

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 300 MAIN STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

Counsel has reviewed with Ms. Boncore the Pre-Sentence Report prepared by the United States Department of Probation for the Western District of New York. Neither Counsel nor Ms. Boncore object to its contents.

## MS. BONCORE'S CRIME OF CONVICTION

Paragraphs 42 through 47 of the Pre-Sentence Report outlines the offense conduct to which Ms. Boncore pled guilty.

As indicated in the aforementioned paragraphs of the Pre-Sentence Report Ms. Boncore's role in the conspiracy was limited to "middling" low level heroin purchases to support her addiction. Ms. Boncore suffers from an addiction that began when she was just 13 years old. She has repeatedly made attempts at both inpatient and outpatient rehabilitation. Unfortunately, thus far her attempts at rehabilitation have not been successful.

However as indicated in the Pre-Sentence Report Ms. Boncore has been incarcerated almost fourteen months. This is the longest amount of time she has ever been incarcerated and the experience has had a profound impact on her. Not only has she been completely drug free during her incarceration she has also attended both Alcohol Anonymous and Narcotics Anonymous support groups during her incarceration. Additionally, she realizes that continued heroin use will either result in future incarceration or death neither of which she views as viable options.

Ms. Boncore's incarceration has provided her with motivation to beat her addiction through counseling and abstinence. Ms. Boncore also realizes that she is very fortunate to have a very strong support system including her mother, father, sister and extended family all of whom wish to assist her in battling this addiction so she can complete college and lead a law-abiding life.

## OFFENDER CHARACTERISTICS

Ms. Boncore was born September 28, 1992 from the legal union of her father Robert Boncore and her mother Lillian Boncore. She was raised by both parents until they divorced when she was 21 years old. Ms. Boncore's parents both reside in Tonawanda, New York as does her 17 year old sister. They are a close family and will support Ms. Boncore in any way possible in order to assist her in dealing with her addiction and mental health issues.

Ms. Boncore led a seemingly normal, healthy childhood up until the time she turned 13. When she was 13 she asked a friend at school for something to alleviate pain caused by the menstrual cramps. Her friend gave Ms. Boncore an oxycodone which at the time she assumed was some type of aspirin. After taking the oxycodone, she became addicted and as outlined in the Pre-Sentence Report began a downward spiral of drug use which ultimately resulted in her current situation.

Following her drug use at such a young age she was diagnosed with bipolar disorder, ADHD and generalized anxiety disorder. She also suffers from a heart murmur and Hepatis C. As a result of the aforementioned medical conditions she requires certain prescription drugs as outlined in the Pre-Sentence Report.

Both her addiction and mental health issues require significant counseling and treatment. They also require a commitment by Ms. Boncore to getting better, remaining drug free and relying on her strong family support system. Both myself and Ms. Boncore's family, friends and counselors believe she is willing to attend counseling and take all appropriate steps to beat her addiction, address her mental health issues and lead a law-abiding life all of which is more thoroughly set forth in the letters of support attached hereto as Exhibit A.

## SUBSTANTIAL ASSISTANCE

As indicated in the plea agreement and recent submissions by both Government and Defense Counsel on December 18, 2015 just 2 months after her arrest, Ms. Boncore provided substantial assistance to the Government in this case in the form of a proffer. The Government recognized the assistance of Ms. Boncore and requested her sentencing be adjourned in the event that they need her

to testify against other members of the conspiracy that have not yet pled guilty. Ms. Boncore indicated that she is willing to continue cooperating pursuant to her proffer agreement, however, could not consent to an adjournment of sentencing given the amount of time she has already served. After considering these issues the Court did not adjourn the sentencing.

The Government has not yet filed a Departure Motion pursuant to U.S Sentencing Guidelines § 5K1.1. Defendant objects to the Government's failure to file a motion pursuant to U.S. Sentencing Guidelines § 5K1.1 as she has substantially assisted the Government which the Government has recognized in their request for an adjournment of the sentencing. It is also my understanding that some of the Co-Conspirators are expected to plead guilty in part as a result of substantial assistance provided by Ms. Boncore. As the Court is aware Ms. Boncore's early cooperation and continued willingness to cooperate are relevant to the history and characteristics of the Defendant and are therefore factors to be considered with regard to a departure pursuant to 18. U.S.C § 3553 and U.S. Sentencing Guidelines § 5K1.1 (a)(5).

## SENTENCING GUIDELINES

As set forth in the Pre-Sentence Report, Ms. Boncore's adjusted offense level after receiving a 3 level reduction for acceptance of responsibility pursuant to U.S Sentencing Guidelines §3E1.1(a)(b) is 13 with a criminal history category of 3 resulting in a sentencing range of 18 to 24 months. As previously set forth at the time of sentencing Ms. Boncore will have served 13 months and 21 days on these charges. Additionally, the facts and circumstances of this case fit squarely within the factors to be considered by the Court when imposing a sentence under 18 U.S.C. §3553. First Ms. Boncore played a limited role in the offense only "middling" drug deals to satisfy her own addiction. Clearly, she is in need of counseling, medical care and other correctional treatment which can most effectively be accomplished through post release supervision rather than continued incarceration. Additionally, as

previously set forth Ms. Boncore quickly cooperated with the authorities which is also a factor to be considered under both 18 U.S.C. §3553(a)(1) and U.S. Sentencing Guidelines §5K1.1 (a)(5). Finally, the most effective way to protect the public from further crimes is permitting Ms. Boncore to receive proper counseling and treatment rather than continued incarceration. In addition to the foregoing I ask the Court consider the letters of support (attached under Exhibit A), attesting to many of Ms. Boncore's positive qualities.

## CONCLUSION

For all the aforementioned reasons, it is respectfully requested that the Court consider all the foregoing in sentencing Ms. Boncore.

DATED:   Buffalo, New York
         August 2, 2017

         _____
         Peter M. Kooshoian, Esq.
         Rosenthal, Kooshoian & Lennon, LLP
         **Attorneys for Defendant**
         **KRISTIE BONCORE**
         300 Main Street
         Buffalo, New York 14202
         (716) 854-1300

TO:   Hon. Richard J. Arcara
      United States District Judge
      United States Courthouse
      2 Niagara Square
      Buffalo, New York 14202

      Meghan Tokash, Esq.
      Assistant U.S. Attorney
      U.S. Attorney's Office
      138 Delaware Avenue, Federal Centre
      Buffalo, New York 14202

      United States Department of Probation
      68 Court Street
      Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KRISTIE BONCORE

        Defendant.

CERTIFICATE OF SERVICE

Indictment No.: 1:15-CR-00239-RJA

---

    Peter M. Kooshoian, Esq., an employee with the office of Rosenthal, Kooshoian & Lennon, LLP located at 300 Main Street, Buffalo, New York 14202-3093 affirm to be true and state under penalty of perjury that on August 3, 2017 a Sentencing Memorandum was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1.    Hon. Richard J. Arcara
   United States District Judge

2.    Meghan Tokash, Esq.
   Assistant United States Attorney

3.    United States Department of Probation

                                                   /s/ Peter M. Kooshoian

Sworn before me this 3rd
day of August, 2017.

*[signature]*

DATED:    Buffalo, New York
               August 3, 2017

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 300 MAIN STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300