UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.

KRISTIE BONCORE,
                 Defendant.
_____

**15-CR-239-RJA-JJM**

**SENTENCING MEMORANDUM**

      Kristie Boncore respectfully submits this Memorandum in support of a sentence of time served with no supervision to follow.  The advisory Guidelines range for this offense is 5 to 11 months.  At the time of sentencing, Ms. Boncore will have served approximately six (6) months in custody.

      The Court is already aware of Ms. Boncore's personal history and characteristics.  *See* Revised Presentence Report, Dkt. 286; *see also* Defendant's Sentencing Memorandum, Dkt. 293.  Ms. Boncore is an early victim of the opioid crisis that has plagued our nation.  At age 13, she was first introduced to oxycodone in school.  That began the spiral to heroin addiction, which led to her underlying federal offense.  Ms. Boncore entered into a drug conspiracy, in which she distributed low quantities of heroin -- enough to support her own addiction.

      Throughout her life, Ms. Boncore has engaged in both outpatient and inpatient substance abuse treatment.  Unfortunately, neither was successful in conquering her heroin addiction.  What was successful is the term of imprisonment she served for her underlying federal crime.  The 14-month sentence forced Ms. Boncore to remain clean and sober while in prison.  Indeed, since leaving prison and commencing her supervision in August 2017, Ms. Boncore has not used heroin.

Unfortunately, the violations that bring Ms. Boncore before the Court revolve around the overuse of the prescribed mental health medication, Adderall. Ms. Boncore is prescribed Adderall for her bipolar disorder, attention-deficit hyperactivity disorder, and generalized anxiety disorder. Certainly, Adderall does help alleviate the numerous symptoms that come with her mental health disorders. However, overuse of the medication has detrimental side effects, such as sleep deprivation, hallucinations, and malnutrition. Based on Probation's observations of these side effects present with Ms. Boncore, coupled with her own candid admission that she was using more of the Adderall than was prescribed, Probation linked Ms. Boncore with outpatient substance abuse and mental health treatment through Horizon Health Services.

Ms. Boncore did not believe she was abusing the Adderall prescribed to her. Rather, she believed that the side effects Probation assumed to be caused by the overuse of Adderall were merely symptoms of her mental health disorders. Put simply, a doctor prescribed Ms. Boncore Adderall to relieve the symptoms of her mental health disorders, so in her mind, the more those symptoms (or side effects) persisted, the more Adderall she must take. This belief interrupted any beneficial treatment she would receive from Horizon and she began to miss appointments based on her belief that she was not in need of treatment.

As a result, Probation recommended, and the Court ordered, that she admit herself to Bradford Recovery Center for inpatient substance abuse and mental health treatment. In all fairness to Ms. Boncore, defense counsel also urged her to admit herself to Bradford. Similar to her outpatient treatment at Horizon, Ms. Boncore did not do well at Bradford. She did not believe she had a genuine substance abuse issue and did not believe she belonged there. After all, she believed she was merely taking her prescribed medication for her diagnosed mental health disorders, and now people seriously addicted to heroin, alcohol, opiates, cocaine,

amphetamines, and hallucinogens in need of intense treatment surrounded her. Ms. Boncore had already overcome her heroin addiction and now she was back at square one. She was ultimately discharged from Bradford for non-compliance and has been in custody since.

In retrospect, inpatient treatment was doomed to fail. Fortunately, being detained these approximately 6 months have been a blessing in disguise for Ms. Boncore. As the 14 months Ms. Boncore was held in custody on the underlying offense allowed her to overcome her heroin addiction, these past six (6) months that she has been held on this violation has allowed her to see that she was, in fact, abusing and overusing Adderall, and that her symptoms were really side effects of the abuse. Ms. Boncore will be leaving jail with a fresh outlook on her mental health disorders and equipped with the proper mindset to live a law-abiding life free from substance abuse.

Critically, Ms. Boncore continues to have the strong support system waiting for her upon her release. Her mother and sister have attended every court appearance and have availed themselves to help Ms. Boncore by whatever means necessary. Ms. Boncore also has a caring boyfriend, who, too, has attended every court appearance and remains by her side to help upon her release.

The approximately six (6) months Ms. Boncore has spent in custody is sufficient to punish her "breach of trust inherent in failing to appreciate the privileges associated" with supervised release. *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007). Additionally, imposition of further supervision would not serve the purposes of supervised release. *See* S. Rep. No. 98-225 at 124 (1983) (explaining that the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in

prison for punishment or other purposes, but still needs supervision and training programs after release"). Ms. Boncore is not in need of further rehabilitation through supervised release. She understands what she needs to do to lead a law-abiding life free from substance abuse. Based on the foregoing, the respectfully requested sentence of time served with no supervision to follow is wholly appropriate.

**DATED:** September 6, 2018
Buffalo, New York

                                                  Respectfully submitted,

                                                  **/s/Frank R. Passafiume**
                                                  Frank R. Passafiume
                                                  Assistant Federal Public Defender
                                                  Federal Public Defender's Office
                                                  300 Pearl Street, Suite 200
                                                  Buffalo, New York 14202
                                                  (716) 551-3341; 551-3346 (fax)
                                                  frank.passafiume@fd.org
                                                  *Attorney for Kristie Boncore*

**TO:** Meghan Tokash
Assistant United States Attorney

Janelle Dzina
United States Probation Officer